UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00372-MOC

| | | |
|---|---|---|
| **KENT DOUGLAS EASTON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on the respondent's Motion to Dismiss Petition as Untimely (#4). Respondent argues that the petition, filed some two years after the judgment in this case became final, is time barred, that no exception applies under the statute, and that equitable tolling is inappropriate in this case. Petitioner, represented by counsel, has filed a timely Reply (#5) arguing that it would be inequitable not to toll the statute of limitations.

I.

On March 16, 2011, petitioner was charged with two counts of transporting child pornography in violation of 18 U.S.C. § 2252(a)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). United States v. Easton, 3:11CR82 (W.D.N.C. 2011) (Indictment (#1)). Petitioner retained Attorney Dale Morrison to represent him on the charges and some six months later, petitioner entered into a written plea with the government of guilty to Count One of the Bill of Indictment.

In that agreement, the parties agreed that petitioner's adjusted offense level should be 36, which included a base offense level of 22, a two-level enhancement for the material involving a prepubescent minor, a five-level enhancement for distribution involving receipt of a thing of

1

value, a two-level enhancement for use of a computer, a five-level enhancement for involving more than 600 images, and a three-level reduction for acceptance of responsibility. The government agreed to dismiss Counts Two and Three and to recommend a sentence at the low-end of the applicable guideline range. In exchange, petitioner agreed not to seek a sentence outside of the guideline range. Petitioner also agreed to waive his rights to appeal or collaterally attack his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

Consistent with the Plea Agreement, the Presentence Report provided a Total Offense Level of 33, a Criminal History Category of I, and an Advisory Guidelines Range of 135 to 168 months. This court sentenced petitioner to 135 months imprisonment, which was a sentence of imprisonment at the bottom of the guidelines range. Petitioner did not file a direct appeal, making the Judgment final when his right to file a notice of direct appeal expired, which was 14 days after this court entered Judgment on May 17, 2012.

II.

The Petition was received by the court on July 7, 2014; however, it appears that petitioner may have given the Petition to prison officials for mailing not earlier than June 26, 2014, which appears to be the date he signed the Petition. Even using such earlier date as the date of filing, the Petition has been submitted to the court more than *two* years after his judgment became final. See 28 U.S.C. § 2255(f)

In his Reply, petitioner concedes his Petition is untimely, but argues it should be equitably tolled. Inasmuch as the AEDPA's "limitations provisions ... do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts ... § 2255's limitations period is subject to equitable modifications such as tolling." United States v. Prescott, 221 F.3d

686, 688 (4th Cir. 2000). Counsel for petitioner argues that his time for filing should be equitably tolled based on misconduct by his trial counsel:

> [u]nlike *Whitesides*, Petitioner Easton's claim presents a question of constitutional magnitude. Easton's point — reduced to its simplest form — to the Government's dismissal motion is that his attorney misadvised him on whether he could seek review of his sentence on direct appeal or on Section 2255's habeas corpus. The nuances of the form of advice given, or not given, petitioner Easton by his then-attorney, raise the very concern that both *Holland* and *Whitesides* raise about mechanical application of procedural rules. In view of the factual allegations presented by Petitioner Easton in his petition, it could be argued that his attorney abandoned him. Such a conclusion, however, can be reached for judicial determination only after consideration of the factual nuances.

Reply (#5) at 5-6. Review of the petition reveals, however, that petitioner is not, as counsel suggests, contending that "his attorney misadvised him on whether he could seek review of his sentence on direct appeal," id., but is instead contending that counsel was "ineffective in advising movant not to file a direct appeal … by advising movant no grounds existed." Petition (#1) at 6. Petitioner went on to explain that he "was informed that only two grounds for appeal were legally possible, and that neither ground existed." Id. The difference is subtle, but important, and what is missing - a request that counsel file an appeal that was ignored - is critical, as will be discussedbelow.

### III.

The plausible factual allegations of the petition do not support application of equitable tolling under Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549 (2010). A petitioner is entitled to the equitable tolling of his post-conviction motion only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562.

A.

First, there is no evidence that petitioner has done anything in the last two years to seek any sort of review of this court's Judgment.

B.

Second, while the court is not privy to the conversations petitioner may have had with his attorney after imposition of the sentence or in the 14 days following entry of Judgment, this court went to some efforts to advise petitioner of not only the rights he was waiving as part of the plea, but of the fact that even under the plea, he retained certain rights to challenge the court's Judgment by direct appeal:

> THE COURT:
>
> Now, Mr. Easton, subject to any waivers that you have in your plea agreement, you have a right to appeal your conviction and this sentence to the Fourth Circuit Court of Appeals. Any notice of appeal must be filed within 14 days from the entry of this judgment. If you're unable to pay for the cost of an appeal, you may apply for leave to appeal at no cost to you. If you so request the clerk of court will prepare and file a notice of appeal on your behalf. In addition, if you can't afford counsel to assist you in this appeal, one will be appointed at government expense.
> I would recommend you speak to your lawyer about whether you need to exercise those appellate rights in this particular instance, that being there may be waivers in your plea agreement, whatever, with regard to some of that. The basic plea agreements do contain certain areas that you still would be able to appeal if you chose.
> Do you understand your appellate rights as the court has explained them to you?
>
> THE DEFENDANT:
>
> Yes, sir.

Sentencing Transcript (#32) at 40-41. The court takes notice, as it did at sentencing, of petitioner's educational background, which includes two years of college at the University of South Carolina at Sumter. PSR (#22) at 11.

4

In Holland, petitioner sent multiple letters to his attorney requesting that he file a habeas petition which went unheeded and it was apparent his attorney was under a mistaken belief as to the applicable statute of limitations. Here, there is nothing in the petition or the Reply to suggest that petitioner asked his trial attorney to file an appeal and that such a request was ignored. The court has searched the petition to determine whether any circumstance or combination of circumstances would warrant application of the tolling provision. Petitioner has not shown that his failure to earlier file was the product of an "extraordinary circumstance" or that failing to equitably toll the deadline would result in an "unconscionable" or "gross injustice." See Minter v. Beck, 230 F.3d 663, 666-67 (4th Cir. 2000).

C.

In his first contention, petitioner does not claim actual innocence of the offense or that the court committed a sentencing error of constitutional magnitude. Rather, petitioner appears to assert that he could have gotten a "better deal" if he had simply pled straight up to all counts of the indictment and asked for a variance. Such argument is pure speculation as a "better deal" would have been dependent on *all the stars* aligning in petitioner's favor at every turn, including: prevailing on exclusion of enhancements he conceded; the chance that the government would not have sought additional or greater enhancements; that the non-dismissed counts would have had no impact on his sentence; that the government would not have sought a high-end sentence or even an upward departure; or that the government would not have challenged his expert at sentencing (as it has done in other cases). "Movant's speculation that he might have gotten a better deal, however, is not grounds to grant his § 2255 petition." Burtchett v. United States, 2012 WL 2577521, *5 (W.D.Mo. July 3, 2012). For there to be any injustice in these circumstance in not tolling the statute of limitations, it is petitioner's burden to forecast some

plausible evidence that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [to written agreement with the government] and would have insisted on … [pleading straight up]." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

While there is no constitutional right for a defendant to enter into a plea agreement, see Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981), counsel is still required to be a "reasonably effective advocate" regarding the decision to seek a plea bargain. Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993). Although the Supreme Court has clearly recognized the right to "effective counsel during plea negotiations," Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012) (see also Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012)), that right does not encompass "buyer's remorse" or the doctrine of "do overs." Reading contention one as a Lafler/Frye claim of ineffective assistance of counsel in the plea negotiation process, neither decision could be read as recognizing a Sixth Amendment claim where a defendant merely speculates that he could have gotten a better deal if counsel had not negotiated a plea. If that were the case, there would be no finality as to any Judgment as every decision to take a plea would then be subject to open-ended collateral review based on subjective beliefs.

D.

In his second contention, petitioner alleges that counsel was ineffective in advising him not to file an appeal because he had no "grounds for an appeal." Petitioner appears to use the term "grounds" interchangeably to mean (1) avenues for appeal left open under the plea agreement and (2) the merits of an appeal. Read in a light most favorable to petitioner, he does

6

not allege that counsel failed to file a requested appeal, but takes issue with counsel's advice that any appeal would be meritless.

"The issue is thus the quality of counsel's advice, which requires determining whether there was any merit to the issues petitioner claims his counsel should have raised on direct appeal." Steaveson v. Hargett, 1998 WL 658353, *2 (10th Cir. Sept. 15, 1998). Petitioner does not, however, advise the court as to what misadvice he received concerning the merits of any appeal. Indeed, only two avenues were open for appeal: ineffective assistance of counsel and prosecutorial misconduct. Review of the record in the underlying action reveals that petitioner's attorney negotiated a favorable plea that ultimately netted a bottom-of-the-guidelines sentence and dismissal of two child pornography charges. Further, counsel successfully made several objections to the draft Presentence Report, all of which were accepted and incorporated into the Final PSR. While some of the issues were minor, counsel was effective in getting Dr. Tyson's report into the PSR, which greatly impacted this court's decision to give a bottom-of-the-guidelines sentence. At sentencing, counsel made an effective argument covering five transcribed pages as to why the court should go to the bottom of the advisory guidelines. He then marshalled other evidence including live witnesses, which ultimately resulted in the following concession from the government: "based on the plea agreement, we have a joint recommendation of 135 months. And based on what Mr. Morrison said, I think it's justifiable from his end." Clearly, counsel was highly effective. As to prosecutorial misconduct, there is not even a suggestion of any misconduct by the government.

While it would be ineffective assistance of counsel for an attorney to refuse to file a notice of appeal when requested to do so by a client, it is not ineffective for an attorney to counsel a defendant that an appeal would be meritless when, in fact, it would have been

7

meritless. Thus, the court finds no allegations that would suggest a "gross injustice," or, for that matter, any injustice would occur if the statute of limitations was not equitably tolled.

E.

In his third contention, petitioner contends that his trial attorney failed to advise him concerning the deadlines for filing a Section 2255 action. A trial attorney is under no obligation to advise a client concerning Section 2255 filing deadlines. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) (finding no right to counsel on collateral attacks to a conviction); <u>c.f.</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000) (finding duty of counsel to file a direct appeal when requested to do so by client). This claim is patently meritless and as such the operation of the statute of limitations does result in any gross injustice.

IV.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that respondent's Motion to Dismiss Petition as Untimely (#4) is **GRANTED**, this action is **DISMISSED**, and a certificate of appeal is **DENIED**.

Signed: September 29, 2014

Max O. Cogburn Jr.
United States District Judge